UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
WILLIAM K. DUFFY, KENNETH HUBER, PHILLIP
CAPOBIANCO, JOHN DUFFY, SCOTT ADRIAN,
PAUL O'BRIEN, MARC HERBST, JAMES HANEY, III,
and JAMES PRATT, III, as Trustees of LOCAL 138,
138A & 138B, INTERNATIONAL UNION OF
OPERATING ENGINEERS WELFARE FUND, LEGAL
FUND, APPRENTICESHIP TRAINING FUND, and
ANNUITY FUND, MICHAEL FANNING as CEO of the
CENTRAL PENSION FUND and WILLIAM K. DUFFY,
JR., as PRESIDENT of LOCAL 138, 138A, 138B & 138C,
INTERNATIONAL UNION OF OPERATING
ENGINEERS,

                      Plaintiffs,                      <u>REPORT AND
                                                                       RECOMMENDATION</u>
   -against-
                                                                       CV 09-5304 (ADS) (ETB)


WEBCO CONTRACTING OF ABERDEEN, INC.,
WEBCO, INC. and WILBERT E. BAKER,

                      Defendants.
----------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

       The plaintiffs, the Trustees of four employee benefits funds ("plaintiffs" or "the Funds"), bring this action against the defendants, Webco Contracting of Aberdeen, Inc., Webco, Inc. and Wilbert E. Baker ("Baker") (collectively, "defendants"), the owner of the two corporate defendants, pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions that Webco was obligated to pay under the terms of its collective bargaining agreement with Local 138 (the "Union"), as well as interest, liquidated damages, and reasonable

-1-

attorney's fees and costs, pursuant to ERISA.

FACTS

Plaintiffs commenced this action on December 3, 2009. Defendants failed to answer the Complaint or otherwise appear in this action. On May 13, 2010, Judge Spatt entered a default judgment against Webco and Baker and referred the action to the undersigned for a Report and Recommendation with respect to the amount of damages that plaintiffs should be awarded, including reasonable attorney's fees. An inquest on damages was held before the undersigned on July 22, 2010. Neither Webco nor Baker appeared at the inquest.

George Lymber, a member of Local 138 who performed work for Webco for approximately eleven weeks, testified at the inquest on behalf of the plaintiffs. (Tr. 3-5.) Mr. Lymber testified that typically, Union members are notified by the Union when fringe benefit payments are made on their behalf by employers. (Tr. 6.) With respect to Webco, Mr. Lymber testified that only two or three weeks of fringe benefit payments were made to the Union on his behalf during the eleven weeks that he worked for the company. (Tr. 6; Pl. Ex. 2.) After learning of the deficiency in fringe benefit payments, Mr. Lymber notified the Union that Webco was not making the required contributions. (Tr. 7-8; Pl. Ex. 3.)

One of the named plaintiffs, William K. Duffy, also testified at the inquest. Mr. Duffy is a Fund Administrator for Local 138. (Tr. 11.) Mr. Duffy testified that because Webco is not from the same area that Local 138 covers, they are not a signatory contractor. (Tr. 11.) Instead, the Union required Webco to sign a "job site agreement," which bound Webco to the terms and conditions of the Union's collective bargaining agreement for the duration of the project. (Tr.

11; Pl. Ex. 4-5.) Mr. Duffy testified that the job site agreement with Webco specifically required the payment of fringe benefit contributions. (Tr. 12; Pl. Ex. 4.) As per the Union's collective bargaining agreement, fringe benefit payments are to be made on a weekly basis and any employers that are delinquent in making such payments are liable for immediate payment of all outstanding sums owed, plus interest and attorney's fees. (Tr. 13; Pl. Ex. 5.) Mr. Duffy confirmed that Webco failed to make all of the required fringe benefit payments for Mr. Lymber. (Tr. 13-14.) Webco was advised of the delinquency, but failed to make the required payments. (Tr. 14-15.)

DISCUSSION

I.  Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)). Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107,

112 (E.D.N.Y. 1997) (citing <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981)).

II.    <u>ERISA</u>

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. <u>See</u> 29 U.S.C. § 1132(g)(2); <u>Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors</u>, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 1132(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III.    <u>Damages</u>

    A.    <u>Unpaid Contributions</u>

Based on the testimony and the documentary evidence offered by plaintiffs at the inquest held on July 22, 2010, the undersigned recommends that damages be awarded in the

amount of $7,876.48. (Tr. 20; Pl. Am. Statement of Damages ¶ 1.) This amount reflects 248 hours of unpaid contributions owed to the Funds for the period June 5, 2007 through August 5, 2007.

    B.    <u>Interest</u>

Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid contributions. <u>See</u> 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest from September 1, 2007 at a rate of 8.25% per annum. (Tr. 20.) As of the date of this Report and Recommendation, the interest due and owing amounts to $2,023.86.[1] (Tr. 20; Pl. Am. Statement of Damages ¶ 3.) Accordingly, I recommend that plaintiffs be awarded interest in the amount of $2,023.86.

    C.    <u>Liquidated Damages</u>

Pursuant to ERISA, plaintiffs are entitled to "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages . . . in an amount not in excess of twenty percent (20%)" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs have elected to seek "double interest" damages rather than the twenty percent (20%) liquidated damages, since the amount of interest due and owing is the greater number.[2] However, plaintiffs appear to have made a miscalculation in their Amended Statement of Damages, wherein they seek $3,577.80 in "double interest." (Pl. Am. Statement of Damages.) The term "double interest" as used in cases interpreting ERISA means that plaintiffs may recover their interest twice, once as interest and once as liquidated damages. <u>See</u> 29 U.S.C. § 1132(g)(2); <u>New York</u>

---

[1] This amount reflects interest accruing at a rate of $1.78 per day for 1,137 days (from September 1, 2007 to October 12, 2010).

[2] Twenty percent (20%) of the unpaid contributions is $1,575.30 and the amount of interest due and owing, as discussed <u>supra</u>, is $2,023.86.

State Teamsters Conference Pension & Retirement Fund v. Parlor City Contracting Co., No. 96-CV-362, 1997 U.S. Dist. LEXIS 19829, at *12-13 (N.D.N.Y. Dec. 8, 1997). Plaintiffs, however, have calculated liquidated damages at twice the amount of interest, meaning, in effect, that plaintiffs would recover three times the amount of interest due and owing. This is incompatible with a plain reading of ERISA. Accordingly, I recommend that plaintiffs be awarded the amount of interest due and owing as of the date of this Report and Recommendation - $2,023.86 - in addition to the interest award recommend supra, which reflects a "double interest" award pursuant to ERISA § 1132(g)(2)(C).

        D.       Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment." Id. § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

E. Attorney's Fees

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiffs' counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. Accordingly, I recommend that attorney's fees be awarded in the amount requested of $6,303.00.

F. Costs

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. See 29 U.S.C. § 1132(g)(2)(C). Plaintiffs submitted an itemized list of expenses in the amount of $605.00. (Pl. 2d Am. Statement of Damages Ex 7.) The costs incurred are as follows: (1) $350 in filing fees; (2) $235 in process server fees; and, (3) $20.00 in "company search" fees, all of which I find reasonable. Accordingly, I recommend that plaintiffs be awarded costs in the amount of $605.00.

RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, I recommend that plaintiffs be awarded damages as follows: (1) unpaid contributions in the amount of $7,876.48; (2) interest in the amount of $2,023.86; (3) "double interest" in the amount of $2,023.86; (4) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; (5) attorney's fees in the

amount of $6,303.00 and, (6) costs in the amount of $605.00. Thus, the sum total of the recommended judgment is $18,832.20, plus post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961.

<u>O</u>BJECTIONS TO THIS <u>R</u>EPORT AND <u>R</u>ECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 299-300 (2d Cir. 1992).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
October 12, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge